IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM M. BECK,<br>         Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | Case No. 2:12-CV-00271-DBP |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>         Defendant. | Magistrate Judge Dustin B. Pead |

Plaintiff appeals the Commissioner of Social Security's decision denying his claim for Disability Insurance Benefits (DIB) of the Social Security Act (the Act), 42 U.S.C. §§ 401-33. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

## PROCEDURAL HISTORY

Plaintiff applied for DIB on December 1, 2009 (Tr. 127-33). His claim was denied initially, on reconsideration, and, after an April 4, 2011 administrative hearing, by an administrative law judge (ALJ) on May 2, 2011 (Tr. 8-20, 27-64, 70-73, 75-77). The Appeals Council denied Plaintiff's request for review (Tr. 1-5), making the ALJ's decision the final decision of the Commissioner for purposes of this Court's review. *See* 20 C.F.R. § 422.210(a). This appeal followed.

## STATEMENT OF RELEVANT LAW

### I.        Definition of disability under the Act

The Act states that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy."

42 U.S.C. § 423(d)(2)(A).  The disabling impairment must last, or be expected to last, for at least

12 consecutive months.  *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

## II.      Process for determining disability under the Act

To determine whether a claimant is disabled, Social Security regulations set forth a

five-step sequential evaluation process.  That process requires the adjudicator to consider

whether a disability claimant: (1) engaged in substantial gainful activity during the alleged

period of disability; (2) had a severe impairment; (3) had a condition that met or medically

equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not,

(5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4).  If a

decision regarding the claimant's disability can be reached at any step in the sequential

evaluation process, further evaluation is unnecessary.  *See* 20 C.F.R. § 404.1520(a)(4).

## III.     Standard of review

The Court reviews the Commissioner's decision to determine whether substantial

evidence in the record as a whole supports the factual findings and whether the correct legal

standards were applied.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial

evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Id.* (internal quotation and citation omitted).  The Court may neither reweigh the

evidence nor substitute its judgment for that of the ALJ.  *Id.*  Where the evidence as a whole can

support either the agency's decision or an award of benefits, the agency's decision must be

affirmed.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## DISCUSSION

**I.     The ALJ Reasonably Found That Plaintiff's Mental Impairment Was Not a Severe Impairment.**

Plaintiff first challenges the ALJ's finding at step two of the sequential evaluation process, finding that his depression was not a severe impairment.  As the Commissioner points out, any error at step two is not harmful because the ALJ proceeded beyond step two and assessed Plaintiff's residual functional capacity between steps three and four.  *See* 20 C.F.R. § 404.1520(a)(4) (before we go from step three to step four, we assess your residual functional capacity); *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) (finding that any error at step two was harmless when the ALJ reached the proper conclusion that Plaintiff could not be denied benefits conclusively at that step and proceeded to the next step of the sequential evaluation process).

At step two, an impairment that "does not significantly limit your physical or mental ability to do basic work activities" is non-severe.  20 C.F.R. § 404.1521(a).  The standard's sole purpose is to determine whether to screen out the claim as groundless.  *Church v. Shalala*, No. 93-07979, 1994 WL 139015, *1-2 (10th Cir. Apr. 19, 1994) (unpublished).  As long as the ALJ finds any one of a claimant's impairments to be severe, the analysis moves along the sequential evaluation process.  20 C.F.R. § 404.1520(a)(4).  When the ALJ formulates the RFC between steps three and four, the ALJ considers all of a claimant's severe and non-severe impairments and incorporates them into the RFC to the extent they affect work-related activities.  20 C.F.R. § 404.1545(a)(2).  As a result, it matters not whether the ALJ found a particular impairment severe, as long as at least one is severe.  Here, the ALJ did not screen out Plaintiff's claim at step two; the ALJ found some severe impairments and moved on with the sequential analysis.

The ALJ then considered all of Plaintiff's severe and non-severe impairments – including his alleged depression – when he formulated the RFC, and reasonably concluded that Plaintiff did not have any mental limitations that significantly limited his ability to work (Tr. 14, 16-18). Thus, any error at step two was not meaningfully impactful on the ALJ's decision.

Indeed, the overwhelming weight of the evidence indicates that Plaintiff's depression was minor and situational. In Plaintiff's original disability report from December 2009, Plaintiff did not mention depression as an illness, injury, or condition that limited his ability to work (Tr. 182-83). Similarly, when Plaintiff had his consultative examination with Dr. Ingebretsen in February 2010, he did not mention depression or mental impairments, and Dr. Ingebretsen concluded, "He was able to reason, concentrate and remember and follow commands" (Tr. 255). At the hearing, Plaintiff twice said that he was not depressed and that his problem was pain (Tr. 56, 58).

Also significant is the fact that Plaintiff did not seek treatment for mental health issues at any point. The only medical record that addressed his depression was a one-time psychological evaluation, signed by Sarah Heaton, M.A., and Geri Alldredge, Ph.D., nine months after he applied for DIB (Tr. 297-303). Critically, the examiners did not opine that Plaintiff's reported mental issues would affect his ability to work, nor did they recommend any functional limitations based on Plaintiff's depression (Tr. 297-303). Indeed, Plaintiff reported that his anger and depression were better when he was working (Tr. 298).

Plaintiff had the burden of proof to establish severe impairments that limited his ability to perform work-related activity. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Plaintiff did not satisfy his burden of establishing that his depression was a severe impairment that affected his ability to work or that the ALJ should have included mental restrictions in the RFC finding. As a

result, the ALJ's finding at step two was reasonable and supported by substantial evidence, and is hereby affirmed.

## II.     The ALJ Reasonably Relied On The Vocational Expert To Determine That Plaintiff Had Transferable Skills.

Next, Plaintiff argues that the ALJ erred by concluding that Plaintiff had transferable skills that would enable him to make a vocational adjustment to other work (Tr. 7-11).  At its core, Plaintiff invites this Court to re-evaluate the evidence.  His invitation is unavailing.  *See Lax*, 489 F.3d at 1084 ("We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (citation and quotation omitted)).

If a claimant cannot perform past work, the Commissioner uses the RFC to determine if he can adjust to other work that exists in substantial numbers in the national economy.  20 C.F.R. § 404.1560(c).  When an individual of advanced age is limited to a light RFC and cannot perform past work, the Commissioner will find that person disabled unless he has skills that he can transfer to other skilled or semi-skilled work.  20 C.F.R. § 404.1568(d)(4); *see also* 20 C.F.R., Part 404, Subpt. P, App. 2, § 202.00.  The factors that are considered in determining transferability are: (1) whether the same or lesser degrees of skill is required; (2) whether the same or similar tools and machines are used; and (3) whether the same or similar raw materials, products, processes, or services are involved.  20 C.F.R. § 404.1568(d)(2).  "Complete similarity of all of these factors is not necessary. . . .  Generally, the greater the degree of acquired work skills, the less difficulty an individual will experience in transferring skills to other jobs . . . ." SSR 82-41, 1982 WL 31389, *5.  Furthermore, "transferability of skills to different industries differing from past work experience can usually be accomplished with very little if any,

vocational adjustment" when, as here, "the jobs have universal applicability across industry lines (e.g., clerical, professional, administrative, or managerial types of jobs)."  Program Operations Manual System (POMS), DI 25015.015 A.3.b., *available at* https://secure.ssa.gov/poms.nsf/lnx/ 0425015015.

In this case, the ALJ reasonably found Plaintiff acquired skills of scheduling, record keeping, and filing in her past work as a Travel Guide and Bakery Supervisor.  The DOT's Travel Guide listing describes making reservations, using communication media, and planning itineraries.  DOT 353.167-010, 1991 WL 672922.  Similarly, the Bakery Supervisor listing describes supervising and coordinating other workers.  DOT 526.131.-010, 1991 WL 674471.  It also incorporates the master Supervisor listing, which includes scheduling workers and maintaining time and production records.  The DOT listings for Plaintiff's past work are substantial evidence that he had acquired administrative skills related to record keeping, filing, and scheduling that would allow him to make a vocational adjustment to a General Clerk or Office Clerk position.  20 C.F.R. § 404.1560(b)(2) (the Commissioner may rely on the DOT).

Moreover, the VE's testimony was also substantial evidence on which the ALJ was entitled to rely in determining the transferable skills from Plaintiff's past work.  20 C.F.R. § 416.966(e); SSR 82-41, 1982 WL 31389, *4-5 (stating that an ALJ may rely on vocational expert testimony to establish skills and transferability); SSR 00-04, 2000 WL 1898704, *2 ("A VE . . . may be able to provide more specific information about jobs or occupations than the DOT.").  In fact, the whole purpose of vocational testimony is to go beyond the DOT and to provide another basis of proof.  *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (unpublished).  As a result, the ALJ reasonably relied on the VE's testimony to determine

"whether the claimant's work skills can be used in other work and the specific occupations in which they can be used." *Haddock v. Apfel*, 196 F.3d 1084, 1089 (10th Cir. 1999).

Because the ALJ relied on the VE's testimony and because that testimony was consistent with the DOT (Tr. 19), the ALJ's decision that Plaintiff could make a vocational adjustment to other work is supported by the substantial evidence. The substantial evidence standard is not a high bar – it requires more than a scintilla but less than a preponderance. *Wall*, 561 F.3d at 1052; *see also Lax*, 489 F.3d at 1084 ("We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."). Although this Court might have engaged in a more in-depth evaluation, the ALJ's analysis does not undermine the ultimate conclusion. The Commissioner's finding that Plaintiff had transferrable skills is affirmed.

## CONCLUSION

Having determined that the Commissioner's decision is supported by substantial evidence and free from legal error, the Commissioner's decision is hereby AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

It is so ordered.

Dated this 20th day of December, 2012.

_____
DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE